**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **REGIONS BANK,**<br>                    **Plaintiff,**<br><br>    **vs.**<br><br>**UNITED STATES OF AMERICA,**<br>**DEPARTMENT OF TREASURY,**<br>**INTERNAL REVENUE SERVICE, and**<br>**TRACEY D. COTNER,**<br>               **Defendants.** | **ORDER and**<br>**MEMORANDUM DECISION**<br><br>**No. 3:12-cv-21**<br>**Judge Tena Campbell** |

## I. INTRODUCTION

In 2002, Defendant Tracey D. Cotner executed and delivered a deed of trust for the benefit of Union Planters Bank to secure a loan to buy property located in Tennessee. The deed of trust was then assigned to Regions Bank and, on December 31, 2002, Regions Bank recorded the deed of trust. Mr. Cotner subsequently became delinquent on the loan. Mr. Cotner also failed to pay his federal taxes. The Internal Revenue Service recorded a Notice of Federal Tax Lien against Mr. Cotner's property in March 2010. In September 2010, as a result of an internal mistake, Regions Bank filed a trust deed release. Regions Bank soon realized its mistake, and in July 2011, recorded an affidavit of erroneous release.

In 2011, Regions Bank filed a quiet title suit in Tennessee state court and asked the court to determine the relative priorities of the parties to the Property. The United States removed the suit to federal court. Regions Bank has now filed a motion for summary judgment contending that its deed of trust has priority over the tax lien, claiming that under Tennessee state law, the affidavit retroactively cancels the release, thereby reinstating the deed of trust to its original

priority. The United States disagrees and argues that under federal law, Regions Bank now has only an equitable interest in the property and that the tax lien has priority over an equitable interest.

As discussed below, the court agrees with the United States and DENIES Regions Bank's Motion for Summary Judgment (Docket No. 14).

## II. ANALYSIS

"[A] court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008).

The first question in this dispute is whether state law or federal law controls. Case law has established that although state law determines the nature of an owner's legal interest in real property, once a federal tax lien has attached to the property, it is federal law that determines the priority of competing liens. Aquilino v. United States, 363 U.S. 509, 513–14 (1960). Here, the court must look to 26 U.S.C. § 6321 and its clarifying treasury regulations, 26 U.S.C. § 301.6323(h)-1.

Section 6232 provides in relevant part

(a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.--The lien imposed by section 6321 shall not be valid as against a purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirement of subsection (f) has been filed by the Secretary.

* * *

(h) Definitions.--For the purposes of this section . . .

(1) Security interest.--The term "security interest" means any interest in

2

property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth.

26 U.S.C. § 6323 (2006).[1]

## **Regions Bank's Interest is Presently Equitable in Nature**

"Under Tennessee law, the mistaken release of a recorded deed of trust creates an equitable lien in favor of the creditor." Holiday Hospitality Franchising, Inc. v. States Res., Inc., 232 S.W.3d 41, 52 (Tenn. Ct. App. 2006); see also Citizens State Bank v. United States, 932 F.2d 490, 494–95 (6th Cir. 1991).   In Citizens, Citizens State Bank (CSB) had a valid security interest in a mortgage, but then mistakenly released that interest.  The release was accomplished by a separate instrument from the original mortgage and complied with all the requirements for a valid release under state law.  This had the effect of restoring the full title in the land to the mortgagor.  The Sixth Circuit Court of Appeals  affirmed the district court's finding that the "release of the mortgage dissolved any remaining interest CSB had in the property," and  "any interest CSB might have was a mere equitable right to have its mortgage reinstated and not a presently valid security interest."   Citizens, 932 F.2d at 494–95.

---

[1] As noted by the Court of Appeals for the Sixth Circuit, the phrase "has become" in Section 6323 focuses on the present status of the lien.  Citizens State Bank v. United States on Behalf of I.R.S., 932 F.2d 490, 493 (6th Cir. 1991).  The Citizens court noted that Congress used "has become" rather than "had become," and stated that the question is not whether the security interest was ever at some point in the past a "protected" security interest, but instead the question is whether the security interest is currently protected for the purposes of Section 6323.  See id. The court will therefore focus its inquiry on the present state of the lien.

Similarly, when Regions Bank mistakenly released its deed of trust, Regions Bank lost its security interest. Consequently, Regions Bank now has an equitable interest in the property.

### Regions Bank's Equitable Lien Does Not Have Priority Over the Tax Lien

Regions Bank's equitable interest cannot take priority over the Tax Lien because equitable liens do not meet the definition of "security interest" under federal law.

For an interest to be "security interest" for under Section 6323, it must be "protected under local law against a subsequent judgment lien arising out of an unsecured obligation." 26 U.S.C. § 6323(h)(1) (2006). Courts measure whether this requirement is satisfied by using the "hypothetical judgment lien creditor test," in which the court asks whether any possible judgment lien creditor arising under local law could have priority over the lien in question. If the answer is "yes," then the interest is not a security interest for the purposes of Section 6323, In re Haas, 31 F.3d 1081, 1087 (11th Cir. 1994); Dragstrem v. Obermeyer, 549 F.2d 20, 25–26 (7th Cir. 1977). The Haas court explained: "The hypothetical judgment lien creditor test operates to put the IRS in the shoes of *any* subsequent judgment creditor, including the most favorable shoes." In re Haas, 31 F.3d at 1089 (11th Cir. 1994) (emphasis in original). When determining priority of liens, the issue of whether the IRS had notice is irrelevant. Id. at 1088.

Equitable liens are subject to a number of subsequent judgment liens, such as judicial lien creditors or bonafide purchasers without notice. See Tenn. Code Ann. § 66-26-103; In re Miller, 286 B.R. 334, 342 (Bankr. E.D. Tenn. 1999). Therefore, because Regions Bank's equitable lien is subject to a number of hypothetical subsequent judgment liens, it fails to meet the "hypothetical judgment lien creditor test," and cannot qualify as a security interest sufficient to take priority over the IRS's federal tax lien. See In re Haas, 31 F.3d at 1088–89.

4

**Regions Bank Cannot Invoke State Law to Revive its Original Interest**

Moreover Regions Bank's equitable lien cannot take priority over the tax lien because federal regulations prevent application of a relation back principle that would allow an unperfected lien to gain priority over a tax lien. Federal Treasury Regulations provide in pertinent part:

> For purposes of this subdivision, the dates [the dates on which all required actions are taken or deemed effective to establish the priority of a security interest] shall be determined without regard to any rule or principle of local law which permits the relation back of any requisite action to a date earlier than the date on which the action is actually performed.

26 C.F.R. § 301.6323(h)–1(a)(2) (2012). Even though Tennessee state law might otherwise permit retroactive reinstatement of Regions Bank's loan, because application of that law would permit Regions Bank's later actions to relate back in time, use of such a state law is barred by the Federal Treasury Regulations. See Haas, 31 F3d at 1091 ("It is precisely the application of this type of relation back principle which the Regulations forbid.").

## III. CONCLUSION

For the foregoing reasons, Regions Bank's Motion for Summary Judgment (Docket No. 14) is DENIED.

SO ORDERED this 20th day of February, 2013

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

5