UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REGIONS BANK,<br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF TREASURY,<br>INTERNAL REVENUE SERVICE, and<br>TRACEY D. COTNER,<br>    Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>No. 3:12-cv-21<br>Judge Tena Campbell |

  In this quiet title suit involving property located in Tennessee, Plaintiff Regions Bank filed a motion for summary judgment asking the court to determine whether Regions Bank's interest in the property has priority over a United States tax lien. The court denied the motion for summary judgment (Docket No. 25).

  Regions Bank now brings a Motion to Reconsider (Docket No. 26), in which it contends that the court failed to consider the reasoning set forth in a recent case from the United States District Court for the District of New Hampshire, Green Tree Servicing, LLC v. United States of America, 783 F. Supp. 2d 243 (D.N.H. 2011). The United States opposed the Motion to Reconsider, arguing that Regions Bank has not demonstrated that reconsideration is necessary, and that even if it had, the reasoning in Green Tree is not persuasive because the factual and legal contours of Green Tree are different from those in this case (Docket No. 27).

  For the reasons set forth below, the court agrees with the United States and finds that Regions Bank's Motion to Reconsider should be denied.

First, the court has already considered the Green Tree decision. While reviewing Regions Bank's motion for summary judgment, the court's own legal research located the Green Tree case. The court carefully considered the reasoning in that case, and found it to be unpersuasive; instead, the court found more persuasive the reasoning presented in Haas v. Internal Revenue Service, 31 F.3d 1081 (11th Cir. 1994).

Second, even if the court had not found or considered the Green Tree decision, Regions Bank cannot now use it as a basis for reconsideration. To succeed, a Motion requesting the court to alter its judgment must show one of four things: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). A party may not use a motion to reconsider to reargue matters already decided by the court. Id.

Regions Bank has not presented the court with any of the four bases for reconsideration. Instead, Regions Bank uses the Green Tree decision—which in not controlling law in this jurisdiction—as a means of merely re-arguing the case. As a result, Regions Bank fails to present anything that has not already addressed by the court and its arguments are unavailing. The court hereby DENIES the Motion to Reconsider (Docket No. 26).

SO ORDERED this 17th day of April, 2013.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge